# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

        **Plaintiff,**

-vs-                              **Case No. 6:09-cv-1736-Orl-DAB**

SHARON KENNEY, AMANDA KENNEY
and J.K. a minor,

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration with oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF JUDGMENT IN ACCORDANCE WITH SETTLEMENT AGREEMENT (Doc. No. 48)** |
| **FILED:** | **April 12, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    Plaintiff Metropolitan Life Insurance Company brought this action in interpleader, regarding certain life insurance benefits (Doc. No. 1). By Order, the Court approved the interpleader, directed the deposit of the funds into the Court's registry, and dismissed Plaintiff from the action, with prejudice (Doc. No. 47). According to the papers filed, the remaining parties mediated a settlement with respect to the funds, which is incorporated in the Proposed Order Approving Disbursement of Interpleaded Funds and Disposition of Case (Doc. No. 48-1). In view of the fact that the settlement includes a payment to a minor, in trust, the Court appointed a guardian ad litem and held a hearing,

attended by all parties and their counsel, in order to determine whether the settlement complies with Florida law,[1] whether additional proceedings were required, and whether the settlement was in the best interests of the child (Doc. No. 51). At hearing, the guardian appeared and reported that he had investigated the circumstances with respect to the minor and, in his opinion, the settlement complied with all requirements of Florida law,[2] no additional proceedings (such as a formal guardianship) were required, and that the settlement was in the best interests of the child.[3] All parties were represented by counsel and no objections were raised by any party to entry of the Proposed Order.

The Court concurs with the recommendation of the guardian, and finds the settlement to be reasonable, and in the best interest of the minor. As such, the Court **recommends** approval of the Stipulated Agreement on Disbursement of Funds, and entry of judgment consistent with its terms.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 28, 2010.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1]The Complaint had raised the issue of possible application of the so-called "slayer" law, prohibiting a named beneficiary of a policy who unlawfully and intentionally kills the insured from collecting policy benefits. *See* Doc. No. 1 at 4, citing Fla. Stat. § 732.802 (2009).

[2]The parties confirmed that the sole named beneficiary under the Policy, Sharon Kenney, was not the subject of any pending or contemplated charges relating to the death of the insured. By all accounts, Sharon Kenney is a fit and proper guardian of the minor and no objections were raised by any interested party with respect to her ability to administer the trust, or the appropriateness of her doing so.

[3]As noted by the parties at hearing, absent any grounds to disqualify, Sharon Kenney, as sole primary beneficiary, is legally entitled to all of the funds. The fact that the settlement calls for a trust for the benefit of the minor is *prima facie* reasonable and in the child's best interest. The remaining party, Amanda Kenney, has renounced any claim to the funds.

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy